UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60608-CIV-COHN/SELTZER

CLEVELAND J. REEVES,

    Plaintiff,

v.

P.A. BELTON and S. GROPACK,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss [DE 9] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response,[1] Defendants' Reply, and Plaintiff's Surreply, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant the Motion and dismiss this action.

### I.  BACKGROUND

In this suit, Plaintiff Cleveland J. Reeves brings claims against Defendants P.A. Belton and S. Gropack, two employees of the Internal Revenue Service ("IRS"), for acts performed as part of their official duties. DE 1 ¶¶ 3, 5. Reeves' Complaint is a short but confusing document. The body of the Complaint contains garbled and conclusory assertions of wrongdoing by Defendants, devoid of supporting facts. Reeves concludes with three bare-bones causes of action against Defendants based on alleged violations

---

[1] In opposition to the Motion, Reeves has filed a document entitled "Motion Not to Dismiss/Proceed to Tr[ia]l" [DE 14]. The Court construes this document as Reeves' response to the Motion, and not as an independent request for relief. Similarly, the Court construes Reeves' "Reply in Support of Motion Not to Dismiss" [DE 21] as a surreply in opposition to the Motion.

of his constitutional rights. See id. ¶¶ 23–26. Reeves has also attached exhibits to the Complaint which provide some factual context for his allegations, and also raise numerous familiar tax-protester arguments. See id. at 10–13. Considering the Complaint and exhibits together, it appears that Reeves takes issue with the manner in which taxes were assessed against the Cleveland J. Reeves Trust. On this basis, Reeves seeks $2,550,000.00 in damages from each Defendant, in addition to costs and attorneys' fees. Id. at 7. Defendants have moved to dismiss, arguing that Reeves' suit is barred by sovereign immunity, and that Reeves has otherwise failed to state a claim. See generally DE 9.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendants argue that the doctrine of sovereign immunity bars Reeves' claims against them in their official capacities. Sovereign immunity deprives a court of subject-matter jurisdiction to hear a plaintiff's claim. Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996). "It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 3522 (3d ed. Westlaw 2013). When a court lacks jurisdiction over the subject matter of a case, dismissal is warranted. See Fed. R. Civ. P. 12(b)(1). Attacks on subject-matter jurisdiction may be either facial or factual. See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). A facial attack on subject-matter jurisdiction, such as Defendants have raised here, requires the Court to look at a complaint's allegations to see if the plaintiff has pled a sufficient basis for subject-matter jurisdiction. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511

(5th Cir. 1980).[2] In addressing a facial attack on subject-matter jurisdiction, the Court must take all of the plaintiff's allegations as true. Ishler v. IRS, 237 F. App'x 394, 397 (11th Cir. 2007) (per curiam).

### B. Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

III.  **DISCUSSION**

Reeves has sued Defendants both in their official and individual capacities. However, Reeves has failed to establish a waiver of sovereign immunity with respect to his claims against Defendants in their official capacities, or to plead the necessary exhaustion of administrative remedies. The claims against Defendants in their individual capacities, on the other hand, fail because a <u>Bivens</u> action for damages against a government employee cannot be maintained in a tax-related suit where, as here, alternative avenues of relief are available to the aggrieved individual. Reeves' claims therefore fail as a matter of law.

    A.   **Reeves Has Failed to Plead Claims Against Defendants in Their Official Capacities**

Reeves has sued Defendants, employees of the IRS, in their official capacities. DE 1 ¶¶ 3, 5. "A suit against . . . IRS employees in their official capacities is, in essence, a suit against the United States." <u>Rosado v. Curtis</u>, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995), <u>aff'd</u>, 84 F.3d 437 (11th Cir. 1996). The United States is generally immune from suit unless it expressly consents to be sued. <u>EEOC v. First Nat'l Bank</u>, 614 F.2d 1004, 1007 (5th Cir. 1980). A plaintiff seeking damages from the United States thus bears the burden of establishing that the government has waived sovereign immunity with respect to his claims. <u>Thompson v. McHugh</u>, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam); <u>Ishler</u>, 237 F. App'x at 398.

Here, Reeves has not alleged any basis for a waiver of sovereign immunity, nor does he directly address Defendants' sovereign-immunity arguments in his Response to the Motion. Nevertheless, Defendants have helpfully provided examples of waivers of sovereign immunity pertinent to tax-related suits, and have explained why these waivers

4

are unavailable to Reeves. See DE 9 at 4–5. For example, 26 U.S.C. § 7431(a) waives sovereign immunity for suits relating to the unauthorized inspection or disclosure of tax-return information. However, Reeves does not allege the unauthorized inspection or disclosure of tax-return information, thus section 7431(a) does not apply.

Nor does the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), provide an applicable waiver of sovereign immunity. The FTCA waives sovereign immunity in certain cases, but not for claims relating to the assessment or collection of taxes. 28 U.S.C. § 2680(c); Al-Sharif v. United States, 296 F. App'x 740, 742 (11th Cir. 2008) (per curiam). Because Reeves' suit arises from Defendants' tax assessment and collection efforts, he cannot take advantage of the FTCA's waiver of sovereign immunity.

On the other hand, 26 U.S.C. §§ 7432(a) and 7433(a)—which waive sovereign immunity in suits for failure to release a lien or for unauthorized tax collection actions— are potentially applicable to Reeves' claims. Still, a plaintiff bringing claims under those sections must exhaust his administrative remedies, and plead exhaustion in his complaint. Galvez v. IRS, 448 F. App'x 880, 887 (11th Cir. 2011) (per curiam); Whitbeck v. IRS, No. 10-1578, 2011 U.S. Dist. LEXIS 86730 at *14 (M.D. Fla. Aug. 5, 2011). Reeves does not allege that he exhausted the applicable administrative remedies. Therefore, even presuming that a waiver of sovereign immunity under section 7432 or 7433 would apply, Reeves has failed to plead the exhaustion of remedies necessary to his claims.

In short, Reeves can only proceed against Defendants in their official capacities if the United States has waived sovereign immunity for his claims. However, Reeves has failed to plead or otherwise establish an applicable waiver of sovereign immunity.

5

Reeves has also failed to plead exhaustion of administrative remedies for any claim that might exist under 26 U.S.C. §§ 7432–33. Reeves' claims against Defendants in their official capacities thus fail as a matter of law.

### B. Reeves Cannot Maintain a *Bivens* Action Against Defendants in Their Individual Capacities

Reeves has also named Defendants as parties to this suit in their individual capacities. DE 1 ¶¶ 3, 5. Civil actions against federal employees in their individual capacities for violations of federal constitutional rights are governed by Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Thibeaux v. Mukasey, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam).[3] Damages are available in a Bivens action only if the plaintiff has no alternative means of seeking redress. Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004). Here, Reeves cannot proceed under Bivens because "the availability of adequate statutory avenues for relief forecloses a Bivens action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes." Al-Sharif v. United States, 296 F. App'x 740, 742 (11th Cir. 2008). The Court therefore will dismiss Reeves' claims against Defendants in their individual capacities.

---

[3] Reeves also invokes 42 U.S.C. § 1983 as a basis for this suit against Defendants in their individual capacities. See DE 1 at 4. However, section 1983 applies to persons acting under color of state law. Defendants are employees of the IRS, a federal, not state, agency. As such, their actions were taken under color of *federal* law, not state law, and Reeves may not proceed under section 1983 herein. See Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978) (per curiam); Brown v. United States, No. 08-118, 2009 U.S. Dist. LEXIS 59073 at *14 (M.D. Fla. July 10, 2009) ("Because all of the Defendants are IRS employees or the United States itself, their actions are made under color of federal law, and Brown may not bring a § 1983 claim against them.").

6

## IV. CONCLUSION

Reeves has failed to state a claim against Defendants in their official capacities, because he has failed to establish an applicable waiver of sovereign immunity or plead the exhaustion of administrative remedies. Moreover, a <u>Bivens</u> claim is unavailable against Defendants in their individual capacities, in light of alternative avenues of relief available to an individual challenging the assessment or collection of taxes. The Court therefore will dismiss Reeves' Complaint in its entirety. It is accordingly

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 9] is **GRANTED**.
2. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice** for lack of subject-matter jurisdiction and for failure to state a claim.
3. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of September, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Cleveland J. Reeves (*pro se*)
   16412 SW 28th Street
   Miramar, Florida 33027